IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| SPECIALTY SURFACES INTERNATIONAL, INC. | ) ) ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) |
| DELUXE ATHLETICS, LLC, | ) JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiff Specialty Surfaces International, Inc. ("SSI"), and for its Complaint against Defendant, Deluxe Athletics, LLC ("Deluxe Athletics"), and hereby alleges as follows:

## PARTIES

1.     Specialty Surfaces International, Inc. is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business within this District.

2.     Upon information and belief, Defendant Deluxe Athletics is a limited liability company organized under the laws of the State of Georgia, with its principal place of business within this District. Defendant's registered agent

for service of process is National Registered Agents Inc. located at 1201 Peachtree Street N.E., Suite 1240, Atlanta, Georgia, 30361.

## JURISDICTION AND VENUE

3.      This is an action against Defendant Deluxe Athletics for patent infringement arising under the Patent Laws of the United States, specifically 35 U.S.C. § 271 and 35 U.S.C. § 281.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves claims arising under the laws of the United States and specifically involves claims arising under the United States Patent Act, 35 U.S.C. § 1, et seq.

5.      This Court has personal jurisdiction over Deluxe Athletics because on information and belief, Deluxe Athletics is a citizen of Georgia.  On further information and belief, Deluxe Athletics does business in Georgia.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

## U.S. PATENT No. 5,976,645

7.      Specialty Surfaces International, Inc. designs, manufactures, and installs artificial turf products for recreation play and professional sports in schools, universities, and sports facilities in North America and internationally.

8.     Plaintiff is the owner by assignment of all right, title, and interest in U.S. PATENT No. 5,976,645 ('645 Patent").  Attached as Exhibit A.

9.     The application that became the '645 Patent was filed on June 1, 1998.

10.    The '645 Patent issued on November 2, 1999, after full and fair examination by the United States Patent Office.

11.    The '645 Patent is valid and enforceable.

12.    The '645 Patent describes a novel vertically draining synthetic turf having reduced abrasiveness and increased resilience compared to conventional synthetic turf.   Among other things, the '645 Patent claims a synthetic turf comprising a sub-surface layer, a porous aggregate layer, a pile fabric over said porous aggregate layer, the pile fabric comprising a backing that includes a woven layer and a non-woven layer bound together, and infill for the pile fabric consisting essentially of resilient particles.

## THE CONTROVERSY

13.    Upon information and belief, on or about May 7, 2014, the Paulding County Board of Commissioners ("Board") invited responses to a Request for Proposal (Number 05-0708) ("RFP") to supply and installation of a complete

vertical draining, infill synthetic turf surfacing system at two (2) high schools' football fields.  RFP attached as Exhibit B.

14.     The RFP specifications, to supply and install an infill synthetic turf surfacing system, call for synthetic turf "consisting essentially of resilient particles" with a woven/non-woven primary backing.

15.     Upon information and belief, Deluxe Athletics bid on the RFP with an infill synthetic turf surfacing system ("Accused Products").

16.     The Board awarded the project, described in the RFP, to Deluxe Athletics.  Exhibit C.

17.     The Accused Products contain each limitation set forth in one or more claims of the '645 Patent.

18.     Defendant does not have a license or other authorization to practice the claims set forth in the '645 Patent.

## THE COUNT:  PATENT INFRINGEMENT--U.S. PATENT NO. 5,976,645

19.     SSI restates and incorporated by reference each allegation and averment of paragraphs 1-18 above.

20.     Defendant has directly infringed the '645 Patent in violation of 35 U.S.C. § 271(a).

21.     Defendant has made, used, offered for sale, distributed, sold and/or imported into the United States infill synthetic turf surfacing systems, other products, and methods of installing them, which infringe the '645 Patent.

22.     SSI owned the '645 Patent throughout the period of the Defendant's infringing acts and still owns the patent.

23.     Defendant has caused and will continue to cause SSI irreparable injury and damage by directly infringing, actively inducing others to infringe, and/or contributing to infringement of the '645 Patent.  SSI will suffer further irreparably injury, for which SSI has no adequate remedy at law, unless and until Defendant Deluxe Athletics is enjoined from infringing the '645 Patent.

24.     Deluxe Athletics' infringement constitutes willful and intentional infringement making this an exceptional case and justifying the imposition of treble damages and an award of reasonable attorneys' fees to SSI within the provisions of 35 U.S.C. §§ 284-85.

## PRAYER FOR RELIEF

Plaintiff has suffered damages as the direct and proximate result of Defendant's infringement of the '645 Patent.

WHEREFORE, Plaintiff prays that:

(1)     This Court enter judgment in favor of Plaintiff and against Defendant for infringement of the '645 Patent;

(2)     This Court award damages to Plaintiff and against Defendant in an amount to be proven at trial for infringement of the '645 Patent, pursuant to 35 U.S.C. § 284;

(3)     This Court award enhanced damages to Plaintiff and against Defendant in an amount equal to three times Plaintiff's damages for infringement of the '645 Patent based upon Defendant's willful infringement and/or bad faith, pursuant to 35 U.S.C. § 284;

(4)     This Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, as appropriate, and award Plaintiff its attorney's fees in this action;

(5)     This case be tried before a jury; and

(6)     Plaintiff has such other and further relief as the Court deems just and proper, premises considered.

## <u>JURY TRIAL DEMANDED</u>

SSI hereby demands a trial by jury on all issues so triable.

This 21st day of August, 2014.

Respectfully submitted,

By:  /s/ Jeffrey T. Breloski
John P. Fry
Georgia Bar No. 278705
E-mail:  jfry@mmmlaw.com
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@mmmlaw.com

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 233-7000
(404) 365-9532 (fax)

Attorneys for Plaintiff

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Book Antiqua 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/ Jeffrey T. Breloski
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@mmmlaw.com